Strafford, }
June, 1899. }

## Delouche *v.* Metropolitan Life Insurance Co.

A principal who ratifies the unauthorized act of an agent is chargeable with the latter's knowledge of material facts, and must repudiate the act *in toto*, if at all.

Where a life insurance policy is void by reason of false representations of material facts, made without design on the part of the applicant and with full knowledge of the company's agent, the policy-holder may, upon discovery of the fraud, rescind the contract and recover the premiums paid, less the value of insurance enjoyed.

In such case the policy-holder is not bound to accept a paid up policy, nor consent to a reinstatement of the original insurance, after a proper exercise of the right of rescission.

Assumpsit, to recover the money paid as premiums on three policies in the defendant company on the life of Edward Delouche. Facts found by a referee.

All the policies were for the benefit of the plaintiff and issued at her request. The plaintiff, who can neither read nor write, relying on the representation of the defendants' solicitor that it was permitted by the company, procured this insurance on the life of Edward Delouche, her husband, without his knowledge. The defendants had a by-law at the time this insurance was effected, which is still in force, that insurance effected on the life of a person without his knowledge and consent was void. The applications for this insurance all contained the following, which the person whose life was insured was supposed to sign : " The undersigned hereby declares and warrants that the representations and answers made below and in the examination on the other side are strictly correct and wholly true, and that they form the basis and become part of the contract of insurance (if one be issued) ; that any untrue answer will render the policy null and void ; and said contract shall not be binding on the company unless upon its date and delivery the insured be alive and in sound health. The undersigned further agrees to be governed by the rules and regulations of the Metropolitan Life Insurance Company as they now exist or may hereafter be altered or amended." The defendants' solicitor in each case signed Edward Delouche's name to the application without his knowledge, and he has not yet assented to it.

The plaintiff, relying on the representations made to her by the defendants' solicitor and believing that the insurance was valid, continued to pay her premiums regularly until February

8, 1897, holding the policies all this time and paying the premiums from her money and her husband's, but without his knowledge. In October, 1896, she learned of the by-law making insurance on the life of a person without his knowledge void, and at once notified the defendants and demanded back her money. The defendants' agent promised to investigate the matter, and at one time offered to give her a paid-up policy for a part of the amount of the original policies and less than the amount she had paid in. December 9, 1896, the defendants refused to pay back the money, and this suit was brought January 19, 1897. Some time in March, 1897, the defendants offered to reinstate the insurance. The policies have been delivered into court.

*Felker & Gunnison*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

WALLACE, J. Both the plaintiff and the defendants were deceived by the fraudulent conduct of the defendants' agent. By his fraud, the plaintiff, an ignorant person who was unable to read or write, was induced to procure the policies of insurance upon the life of her husband without his knowledge, which were void by the express terms of one of the company's by-laws to which the contracts were made subject. For some time she continued to pay the premiums as they became due upon the policies, believing them to be good. By the same means, the defendants were also induced to enter into contracts which their by-laws expressly prohibited, and which but for the wrongful act of their agent they would not have made. Although the defendants did not authorize or know of the fraud of their agent in procuring the contracts of insurance, yet they cannot claim and enjoy the benefits they have received under them without making themselves parties to the fraud, and without being chargeable with its legal consequences.

There being no fraud imputed to the plaintiff, the defendants were chargeable with their agent's knowledge of the situation and were bound by his acts. The policies issued through his instrumentality were valid and subsisting contracts as against the company and in favor of the assured, who innocently relied upon the agent's representations. But the plaintiff was not bound to continue the contracts after she learned of the fraudulent means by which they were procured, and thus subject herself to the risks of an expensive and uncertain lawsuit in regard to them. She had the right, upon the discovery of the fraud, to rescind the contracts. *Concord Bank* v. *Gregg*, 14 N. H. 331; *Presby* v. *Parker*, 56 N. H. 409; *McDonald* v. *Insurance Co.*, 68

N. H. 4; *N. Y. Life Insurance Co.* v. *Fletcher*, 117 U. S. 519.
By demanding of the defendants the return of the money paid
when she learned of the fraud, and by bringing suit for its recov-
ery, she seasonably rescinded the contracts and thereby became
entitled to recover the amount of premiums she had paid, less
the value of the insurance enjoyed by her during the existence
of the contracts, with interest from the time of the rescission.
She is entitled to the equitable value of the policies.   *McDonald*
v. *Insurance Co., supra.*

The plaintiff was not obliged to accept the defendants' offer
to give her a paid-up policy for a part of the amount of the orig-
inal policies and less than the amount of the premiums paid, as
this was in effect an attempt on the part of the defendants to
substitute a different contract from the one which the parties
had made.   Neither was she obliged to accept the defendants'
offer to reinstate the insurance, made after she had properly
exercised her right of rescinding the contracts and brought suit
to recover the premiums paid by her.

The delivery of the policies into court by the plaintiff was sea-
sonably made.   *Concord Bank* v. *Gregg, supra; Presby* v. *Parker,
supra; Wiswall* v. *Harriman*, 62 N. H. 671.

*Case discharged.*

Young, J., did not sit: the others concurred.