BOND–REED HARDWARE CO. et al. v.
WALSH.   (No. 5827.)

(Court of Civil Appeals of Texas. San Antonio.
March 21, 1917.)

1. CONSPIRACY ⊂⊃9 — ACTS CONSTITUTING
CONSPIRACY — FRAUDULENT FORMATION OF
CORPORATIONS.
   Where defendants formed two corporations,
one to make contracts for goods and rents, and
the other to take possession of the goods and
use the rented premises, there was a conspiracy
to defraud creditors.
   [Ed. Note.—For other cases, see Conspiracy,
Cent. Dig. § 12.]

2. APPEAL AND ERROR ⊂⊃880(3)—RIGHT TO
ALLEGE ERROR—CODEFENDANT'S JUDGMENT.
   In an action for rent, if defendant corpora-
tion did not claim damages, judgment against a
codefendant's cross-action did not injure it.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3588.]

3. CORPORATIONS ⊂⊃542(1) — TRANSFER BY
CORPORATION.
   Where a corporation was sued and a re-
ceiver for it sought, the attempted transfer of
its property to another corporation, apparently
organized to meet the exigencies of the receiver-
ship, was fraudulent and void.
   [Ed. Note.—For other cases, see Corporations,
Cent. Dig. §§ 2154, 2159.]

4. CONSPIRACY ⊂⊃13 — CIVIL LIABILITY OF
CONSPIRATOR.
   A party, who was the active agent of two
corporations, owned and controlled by him, and
operated pursuant to a conspiracy so as to de-
fraud parties who dealt with them, was prop-
erly cast in judgment, since where one has con-
spired with others to cheat and defraud, he will
be held liable.
   [Ed. Note.—For other cases, see Conspiracy,
Cent. Dig. § 14.]

   Appeal from District Court, Bexar County;
W. F. Ezell, Judge.

   Suit by F. T. Walsh against the Bond-
Reed Hardware Company and others. From
a judgment for plaintiff, defendants appeal.
Affirmed.

   C. A. Keller and W. S. Anthony, both of
San Antonio, for appellants. M. E. Buckley
and C. A. Goeth, both of San Antonio, Hunt
& Teagle, of Houston, and Ball & Seeligson
and C. W. Trueheart, all of San Antonio, for
appellee.

FLY, C. J. This is a suit for rents in the
sum of $895.10, instituted by appellee against
the Bond-Reed Hardware Company, the
Bond-George Hardware Company, John H.
Bond, H. W. Fuos, H. S. Taylor, and A. E.
Staacke, and afterwards the Central Hard-
ware Company. This is a second appeal of
this case. 181 S. W. 248.

   There was a full hearing on the appoint-
ment of a receiver before the former appeal,
and the propriety of the appointment was
presented and adjudicated on that appeal.
It was held that the receivership was prop-
erly granted. This court held that the plead-
ings and evidence were sufficient to justify

the appointment of a receiver. The plead-
ings of appellee were the same on the former
appeal as on this, except that a supplemental
petition was filed setting up additional rent
that had become due, and making an addi-
tional party. The first, second, third and
fourth assignments of error seek to question
the sufficiency of the petition to sustain the
appointment of a receiver. That question
has been settled by this court, and we see
no reason to disturb our former ruling. The
sufficiency of the petition to support the ap-
pointment of a receiver is too plain for dis-
cussion. The allegations are ample, under
the statute, to justify the appointment of a
receiver. Bond-Reed Hardware Company v.
Walsh and authorities therein cited.

   The fifth assignment of error is overruled.
The supplemental petition alleged a fraudu-
lent sale between the ingeniously devised
system of corporations owned and controlled
by the same men, and the allegations brought
the suit clearly within the provisions of sub-
division 1, art. 2128, Rev. Stats.

   [1] The evidence clearly indicated that ap-
pellants had organized two corporations, one
to make the contracts for goods and rents
and the other to take possession of the goods
and use the rented premises, and it was
clearly a conspiracy to defraud creditors,
among the number, appellee. The sixth as-
signment of error questions the finding of
fact as to the existence of such conspiracy.
We adopt the findings of fact of the trial
judge as the conclusions of fact of this court.
The seventh and eighth assignments are also
overruled.

   [2] The ninth assignment of error is with-
out merit. If the Bond-Reed Hardware Com-
pany did not claim damages, the judgment
against the cross-action did not injure it.
The Bond-George Hardware Company and
the Central Hardware Company did not make
out any case for damages. No man or set of
men can organize such a network of corpora-
tions and shift possession of goods from one
to another as the occasion may require for
any commendable purpose. As said on the
former appeal by Judge Carl, for this court:

   "J. H. Bond was president of both the Bond-
George and the Bond-Reed Companies, and when
the stock of merchandise was sold by the Bond-
George Company to the Bond-Reed Company, J.
H. Bond was still in charge, and the proceeds
of sales was to go to the Bond-George Company.
When the Bond-Reed Company sold the stock to
J. C. Timberlake, Bond, as president and prin-
cipal stockholder of both the hardware compa-
nies named, remained in charge of all the re-
ceipts as well as the stock of goods for the bene-
fit of the Bond-George Company. Timberlake
then sold to the Central Hardware Company, a
concern which bond says had been chartered, but
its charter had not arrived, and he was still in
possession for the same purposes he had been all
along, and in the same building."

   [3] The goods were removed to another
building while the former appeal was pend-
ing, and when the receiver sought to take pos-

session of them he was informed that the Central Hardware Company owned the same. The attempted transfer to the Central Hardware Company was fraudulent and void. It seems to have been organized to meet the exigencies of the receivership. The whole scheme was a marvelous system of business prestidigitation.

[4] The tenth assignment of error is overruled. The testimony showed that the .corporations were but the outward manifestations of J. H. Bond, owned and controlled by him. He was the inspiration and soul of the corporations, and the court properly rendered judgment against him. He and the Central Hardware Company were among the conspirators who had organized to defeat their creditors, and, as such, judgment against them was proper. The law is that where a man has conspired with others to cheat and defraud he will be held liable. Jernigan v. Wainer, 12 Tex. 189; Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 584. J. H. Bond was the active agent in carrying out the plans of the conspiracy.

The judgment is affirmed.