### SCARBOROUGH et al. v. WARD.
### (No. 1076.)

(Court of Civil Appeals of Texas. El Paso. March 11, 1920. Rehearing Denied April 1, 1920.)

**1. Vendor and purchaser ⊜⇒3(4) — Contract providing for deposit of forfeit money held enforceable contract and not option.**

Contract for sale of land providing for deposit by both parties with bank of forfeit money to secure performance of contract *held* not an optional contract by which either party could refuse to close deal by requiring other party to take forfeit money, but an enforceable contract entitling either party to specific performance.

**2. Trusts ⊜⇒371(1) — Vendor and purchaser ⊜⇒299(3)—Petition held to state cause of action for recovery of land.**

Petition specially alleging a continuous chain of acts by and between several conspirators to accomplish the transfer of land for a small valuation *held* to state cause of action for recovery of the land, whether facts alleged constitute the basis for a constructive trust in land, or whether the right to recover is upon the theory of rescission for fraud.

**3. Trusts ⊜⇒375(1) — Purchasers from constructive trustee cannot keep property by payment of certain amount.**

Where conspirators fraudulently procured conveyance from plaintiffs for a small valuation, court in rendering judgment establishing a constructive trust in favor of plaintiffs could not decree that such judgment be satisfied by payment by defendant to plaintiffs of certain sum per acre; such conveyance being void, and plaintiffs having the superior equitable substantial title from which he cannot be compelled to part.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Action by Mrs. Willie L. Scarborough and others against E. J. Ward. From judgment rendered, both plaintiffs and defendant appeal; plaintiffs being herein called appellants. Affirmed as reformed.

J. R. Stubblefield, of Eastland, and Geo. E. Wallace and F. G. Morris, both of El Paso, for appellants.

Earl Conner, of Eastland, for appellee.

HARPER, C. J. Appellants, plaintiffs below, in their brief define this action:

"This is a suit by plaintiffs (naming them) to establish a constructive trust on the legal ti-tle to 2,840 acres of land in Eastland county, Texas, * * * and to recover the same."

Tried with a jury and upon their verdict judgment was entered for plaintiffs establishing the constructive trust pleaded, and for recovery of the land upon their refunding, as they offered, the money paid to them; "provided that if the defendant, E. J. Ward, shall pay to the plaintiffs the difference between the price paid by defendant of $5 per acre and the value of the land on the 25th day of April, 1916, as found by the jury $8 per acre making the sum of $3 per acre or the sum of $8,520 and interest, * * * which payment shall be made in 90 days from the date of this judgment shall become final after appeal, if any, taken herein shall have been terminated then this judgment shall be satisfied thereby and the further recovery by plaintiffs herein shall lapse and be of no further force or effect."

From this judgment both plaintiffs and defendant have appealed.

The Scarboroughs, hereinafter called plaintiffs, complain of that portion of the judgment which permits defendant Ward to satisfy the judgment by paying the amount above indicated. And defendant Ward urges that the plaintiffs' petition does not state a cause of action; therefore the court erred in overruling his demurrer thereto. Since a holding by this court that the petition states no cause of action would dispose of the case upon appeal, we address ourselves first to the questions presented by defendant Ward.

The trial petition contains the following allegations:

"That on or about September 27, 1913, W. P. Pully conveyed certain lands (describing them) to Mrs. Willie L. Scarborough, in consideration of lands in Taylor county, Tex., valued at $20,-000 cash, and the assumption by said Scarborough of the payment of $7,000, which said Pully owed to one Moseley, the payment of which was secured by deed of trust on said land and executed to John Ward as trustee. * * * That the land valued at $20,000 was community property of herself and husband. That the husband died, and the other parties plaintiff are surviving children."

"III. And plaintiffs further allege that it was provided in said notes executed as aforesaid by plaintiff Willie L. Scarborough to Hillary Moseley, and by W. P. Pully and assumed by said Scarborough, and in the deed of trust executed to said John W. Ward, to secure the payment thereof, that interest thereon should be payable annually, and that if default was made in any annual payment when it was due the entire amount of said indebtedness might be declared due at the option of the holder of said notes. That prior to the conveyance made by plaintiffs to E. J. Ward, which is hereinafter described, the plaintiff Willie L. Scarborough had defaulted in the payment of one of the annual installments of interest which had accrued on said indebtedness. That John W. Ward at said time was agent for the said Hil-

lary Moseley for the loaning of money for him and for the enforcement of collection thereof and extension of time of payment as in his discretion he might deem best for the interest of said Moseley, or in any event represented himself to have such authority. The plaintiff Willie L. Scarborough, being under the impression that said Ward would declare all of said indebtedness due for said default in payment of said installment of interest, set about to make a new loan to take up all of said indebtedness and made known to said John W. Ward her purpose to do so, whereupon he proffered to waive the right of said Moseley to declare all of said indebtedness due because of said default in payment of interest and agreed to extend the time of payment of said installment of interest for one year rather than to enforce collection of said money at that time; said Ward finding it to the interest of said Moseley to keep the loan he had for him rather than to collect and reloan the same, which consideration moved him to make such extension and for which 'consideration he waived for said Moseley the right to declare all of said indebtedness due for said default and made said agreement extension of time of payment of said installment of interest, and thereupon the plaintiff Willie L. Scarborough refrained from making any effort to take up said loan as she had a right to do unless the holder thereof should exercise his option to declare all of said loan due because of said default in payment of interest.

"IV. That after said agreement of extension was made as aforesaid, the plaintiff Willie L. Scarborough entered into a contract of sale of said land to T. J. Vines of Hunt county, Tex., for the sum of $6 an acre, with reservation of all the mineral rights thereunder to her, and the defendant Gus Ward, acting as agent for said Willie L. Scarborough, agreed with her to put up in bank at Cisco, Tex., $1,500 in cashier's check in favor of said Vines or his agent, one A. S. Moore, a bank of Greenville, Tex., as a forfeit to secure the compliance by said Willie L. Scarborough with her said contract of sale and that there was placed forfeit money of $7,500, or some such sum, by said Vines or his agent, Moore, to secure the performance of said contract of purchase on the part of said Vines. That said Gus Ward placed said cashier's check in favor of said Vines, or, if he did not do so he represented to Vines' agent and to plaintiff Willie L. Scarborough, he had done so and thereby prevented her from doing so through other parties.

"V. That afterwards the said Gus Ward, E. J. Ward, and John W. Ward conspired together to obtain said land for E. J. Ward at a much less price than the plaintiff Willie L. Scarborough was selling the same to said Vines and for a grossly inadequate price and while the plaintiff Willie L. Scarborough, and the other plaintiffs, were about executing a deed to said Vines, which had to be sent to part of the vendors who were absent from Eastland county, the said Gus Ward in pursuance to said conspiracy, or at all events acting together with E. J. Ward, and for his benefit, and in violation of his trust relations assumed to the plaintiff Willie L. Scarborough, as her agent as aforesaid to assist her in making said sale, he, the said Gus Ward, without the consent of the said plaintiff or any of the plaintiffs herein, notified said Moore, the agent of said Vines, at Greenville, Tex., that said forfeit so placed or represented as aforesaid to have been placed, had been withdrawn, and falsely and fraudulently represented to said Moore, who was agent as aforesaid of said Vines, that said land was not of the value of as much as $3 per acre, well knowing that plaintiff had contracted a sale to said Vines of said land at the price of $6 per acre, without the mineral therein, and well knowing that said land without the mineral value thereof was of the value of $6 or more per acre.

"That said representation was false and was a willful and fraudulent representation of said value of said land so made by said Ward in pursuance to said conspiracy and with the full knowledge and opinion that said land was of much greater value. That said representation did not express any real opinion which was held by said Ward as to the value of said land, but was made in opposition to his real opinion and was not made in good faith, but was made knowing the falsity thereof and with the intent to break off said sale and to defeat the same to the end that said E. J. Ward, who desired to acquire said land, might take advantage of the financial difficulties of the plaintiffs and by oppression, intimidation, and financial duress might acquire said land and the oil and the other mineral thereunder at a grossly inadequate price. That because of the acts of said Ward in defeating the acts of plaintiff to secure performance by her of her part of said contract the said Ward afforded the said Vines grounds to believe that said plaintiffs had abandoned said contract; and by said false representations as to the value of said land he induced the said Vines to abandon said purchase.

"That defendants E. J. Ward and John W. Ward were fully cognizant of the acts aforesaid of Gus Ward and conspired with him to oppress and intimidate and to bring about undue financial influence and duress to induce and compel the plaintiffs to sell said land to said E. J. Ward at a greatly inadequate price, and to this end the said John W. Ward and E. J. Ward, in pursuance of said conspiracy, met the plaintiff Jess Scarborough at the train in Cisco, Tex., immediately as he was returning from Greenville, Tex., without being able to close said sale because of said interference as aforesaid with said sale, and thereupon the said John W. Ward, in the presence and with the knowledge, agreement and connivance of said E. J. Ward and in violation of his waiver of the right to declare all of said indebtedness due and of his aforesaid agreement of extension for one year of the time of payment of said installment of interest which was overdue, demanded of the plaintiff Jess Scarborough, and through him, of the other plaintiffs, that they should forthwith pay off all of said indebtedness, which was not, in fact, due, but had several years to run, but which said John W. Ward, acting as agent for said Hillary Moseley, claimed the right to declare due because of said default in payment of said installment of interest, notwithstanding his said agreement of extension of the time of said payment for one year as is hereinbefore alleged, which time had not then expired. That

said Ward declared to said Jess Scarborough, in the presence of said E. J. Ward, that unless said entire indebtedness should be paid the next day he would at once advertise said land for sale to pay the same, which right he falsely assumed to have, whereupon the said E. J. Ward, in the presence of the said John W. Ward, offered to buy said land at $4.50 per acre without any reservation by the vendors of the oil or other mineral in said land except one-half of such royalty if any as might accrue under an existing contract of lease. That plaintiffs were ignorant of their right to insist on and enforce said agreement of extension of time as to said installment of interest and waiver of the right of the holder of said indebtedness to declare all of said indebtedness due, and believing the said John W. Ward as trustee of plaintiffs and said Moseley, and as agent for said Moseley, had the lawful right to enforce said collection by sale, which said John W. Ward claimed he had the right to do, and being unable to sue out an injunction to stop such sale if they had known their rights because of inability to give such bond as is in such cases required by law, and not knowing of any means of borrowing the amount of said indebtedness (which then aggregated over $10,000) to pay off said indebtedness while their financial position was thus discredited, the plaintiffs through said undue influence, fraud, oppression, and financial duress, were induced to accept said E. J. Ward's said offer of $4.50 per acre without any mineral reservations except said one-half of the royalty, if any, that might accrue from wells that were to be bored for oil under an existing lease for a period which will expire in December, 1919. And that afterwards on the —— day of January, 1918, through false representations made by E. J. Ward, and who said said lease was void and he would prevent drilling thereunder so that plaintiffs could not realize anything from said lease, they believing said representations to be true were induced by said false pretenses, on the —— day of January, 1918, to release to said Ward, for the grossly inadequate price of $500, right to one-half of the royalty in oil that might accrue under said lease. A copy of the deed so executed as aforesaid by plaintiffs conveying said land to said E. J. Ward is hereto attached and marked Exhibit A, and a copy of the release or conveyance of said royalty rights is attached to the plaintiffs' second amended petition filed herein and is here referred to and made a part of this petition for better description thereof.

"VI. Plaintiffs further aver that, if they are mistaken as to the existence of a conspiracy between all of the defendants to bring about the wrongs which it is alleged were perpetrated on plaintiffs by Gus Ward and John W. Ward, then plaintiffs allege that E. J. Ward knew of said wrong so inflicted by said Gus Ward which are hereinbefore alleged before he acquired said lands and also knew of said wrongful, illegal, and oppressive conduct of said John W. Ward, as trustee for plaintiffs, and of the intimidation, undue influence, oppression, and duress which the wrongs alleged against said John W. Ward produced against said plaintiffs, and that plaintiffs were thereby unduly influenced, intimidated, and coerced into making said sale to him, the said E. J. Ward, and that said sale was made under financial duress and for a grossly inadequate consideration, and that the said E. J. Ward in thus purchasing the said land under such circumstances availed himself of the said unconscionable bargain thus brought about and accepted the said conveyance of said land with full knowledge of the said illegal, fraudulent and oppressive conduct.

"VII. Plaintiffs now allege that by reason of the premises the said E. J. Ward became vested with the legal title to said land and mineral rights in trust for these plaintiffs and should be decreed to hold the same in trust for these plaintiffs subject to the doing of equity by these plaintiffs or by their submitting to a decree imposing on them as a condition of recovery the refunding to the defendant E. J. Ward of the purchase money paid by him to plaintiffs amounting to $4,117, and all sums, if any, he has paid on the indebtedness created by plaintiffs and secured by deed of trust on said land, and the payment of the balance of said indebtedness which the said E. J. Ward has assumed and become obligated to pay and decreeing the doing generally and specially whatever in equity plaintiffs ought to do as a condition of their recovery, all of which plaintiffs hereby offer to do and pray a recovery of said land in virtue of their equitable title thereto which arose in their favor upon the legal title to said land; having been acquired as aforesaid by defendant E. J. Ward through the means through which the same was then acquired by him.

[1] The first proposition is that it clearly appearing from the petition that the beneficiary in the mortgage on the lands had the lawful right to exercise his option to declare the debt due, and it further appearing therein that the contract of sale by plaintiff to Vines was an optional contract subject to be breached by either contracting party, upon payment of a forfeit, and that E. J. Ward had the right to purchase, etc., the court should have sustained the general demurrer. The answer to this is that the record does not support the recital of facts. The petition alleges that the time for payment of interest had been extended one year, so it follows that neither Ward nor Moseley would have any right to foreclosure during the year. As to the contract of sale to Vines being optional and unenforceable, the allegations are that it was a contract of sale for $6 per acre, etc., and that there was placed, by Gus Ward for plaintiff, forfeit money of $1,500 and $7,500 put up by Vines to secure its performance. This does not allege an optional contract, by which either party could refuse to close the deal and where the one standing ready to perform would be required to take the forfeit money, as liquidated damages. Heath v. Huffhines, 152 S. W. 176; Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

But alleges a contract for sale of the land in which it is provided for a forfeit of a certain amount in case either party fails or refuses to close; in such cases, as held in the

case next above cited, the facts would support either a suit for specific performance or the taking down of the forfeit money. Redwine v. Hudman, 104 Tex. 21, 133 S. W. 428.

[2] The real questions to be determined here are incorporated in the following proposition:

"No fact or facts are alleged by appellants that in law would authorize the engrafting of a constructive trust on the lands in controversy."

This is purely a question of law for this court, so, without further writing, we hold that possibly one or two of the fraudulent acts charged would not be sufficient grounds upon which to maintain a suit; but the several acts charged to each and all of the words combined, being a continuous chain of acts by and between several conspirators to accomplish the transfer of this land for a small valuation, are sufficient upon which to base the action to recover the land. Lewis v. Blount, 139 S. W. 7; Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057; Blair v. Hennessy, 138 S. W. 1079.

And this is true whether the facts alleged constitute the basis for a constructive trust in land or whether the right to recover is upon the theory of rescission for fraud. The plaintiff alleged the facts specially. Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Lockhart v. Leeds, 195 U. S. 427, 25 Sup. Ct. 76, 49 L. Ed. 263; Lester v. Hutson, 167 S. W. 321.

Upon the appeal of plaintiffs, it is urged that that part of the judgment which authorizes the payment of the sum of money by defendant in satisfaction of the judgment and barring recovery of the land upon payment is erroneous.

[3] This assignment is sustained for the reasons assigned, to wit:

"At law a conveyance induced by fraud is void. Under equity law when a constructive trust arises out of fraud and duress which influences a conveyance of land, the legal title only is treated as passing by such a conveyance, and the equitable title remains in the vendor, and he has an absolute right upon refunding what has been paid to or for him to have a reconveyance of the legal title; or, in a blended remedial system, he has an absolute right of recovery of the land, at law, either because the deed is void at law, or in equity, in virtue of his superior equitable title without any reconveyance of the legal title. He retains the superior equitable substantial title to the land, and may not be compelled by decree of court for a sum of money fixed by the court, to part with it, without his consent, he not having made a valid contract to divest himself of his title to the land. The court may not authorize the vendee to purchase a dispensation, indulgence, or absolution from the consequences of his fraud by paying a sum of money in lieu of surrendering the land to which he acquired no title by the conveyance. Such a decree makes a contract for the parties and

enforces it when they have not by reason of the fraud made any valid contract between themselves. Nor has Ward so contracted or agreed, nor does he offer to pay additional money or acquiesce in such proffered relief." Bond-Reed Hdw. Co. v. Walsh, 193 S. W. 1148; Jernigan v. Wainer, 12 Tex. 189; McKensie v. Hamilton, Dallam, Dig. 461; 1 Page on Conts. § 131; Angle v. Ry. Co., 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 66 and 67; Delouche v. Ins. Co., 69 N. H. 587, 45 Atl. 414.

The judgment of the trial court is reformed in that the portion of the judgment permitting Ward to pay money and keep title is eliminated, and as reformed is affirmed.