T. M. CAMPBELL, RECEIVER, v. ED. B. WIGGINS, TAX COLLECTOR.

No. 44.

1. **Writ of Error—Only one Can Issue in a Case.**—After a case has been before the Supreme Court on certificate of dissent from a Court of Civil Appeals, another writ of error bringing up the entire case will not be granted.

2. **Same — Practice on Dissent in Court of Civil Appeals.**—The law which provides for certificate of questions on which there may be dissent furnishes simply a means whereby parties may bring questions of law before the Supreme Court otherwise than by writ of error; but no litigant is compelled thus to bring before this court any question. A party not only may but ought to refrain from bringing to this court through this means questions of law on which is dissent, if there be other questions vital to his rights which he can not have thus submitted to the Supreme Court.

3. **Same—Case Certified by Court on its Own Motion.**—If a Court of Civil Appeals, on its own motion, should certify a question, it is clear that a litigant should not be thus cut off from the right to prosecute a writ of error in the case.

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals, First District, in a case on appeal from District Court of Smith County.

This was a suit brought in District Court of Smith County by T. M. Campbell, receiver, etc., of the International & Great Northern Railway Company, against Ed. B. Wiggins, tax collector, to enjoin the collection of state and county taxes upon certain money accruing from the operation of said railway, and deposited by the said receiver in the bank of Bonner & Bonner, at Tyler, Texas.

It was claimed that said money or credits was exempt from taxation.

The injunction was refused in the District Court, and on appeal the Court of Civil Appeals, First District, affirmed the judgment of the District Court. To the decision of the majority one of the judges filed his dissent, as to whether "the exemption of the International & Great Northern Railway Company and its successors by name, exempted from taxation the money in question, the dissenting judge being of opinion that it was so exempt by reason of the language of section 1 of the Act of 1875." This question by proper certificate, under sections 32 and 33 of the Act of April 13, 1892, organizing Courts of Civil Appeals, was certified by said Court of Civil Appeals on January 26, 1893.

Thereafter, on February 27, 1893, the Supreme Court delivered its opinion, affirming the judgment of the Court of Civil Appeals and that of the trial court upon the question so submitted. The transcript of the case, which had been brought up to the Supreme Court, was ordered to be returned to the Court of Civil Appeals; and on March 23, 1893, after the expiration of the period prescribed for motion for rehearing, the clerk of the Supreme Court notified the said Court of Civil Appeals of such decision, and returned the transcript. Subsequently, on March 25, 1893,

Campbell filed an application for a writ of error, complaining of alleged errors other than the questions which had been certified to and decided by the Supreme Court.

The errors assigned on appeal are as follows:

" 1. The court erred in dissolving the injunction, because under the special statutes set out in full in plaintiff's trial amendment, the property or money upon which this tax is levied is exempt from taxation.

" 2. The court erred in dismissing plaintiff's petition, but should have held it over for hearing on its merits, because said petition was sworn to, and showed that plaintiff was not liable for near all the tax claimed by defendant and stated in the judgment, but for a much less amount only, if said property was not protected by said special exemption law; and defendant's answer not being sworn to, the court should have heard proof of the amount of taxes actually due, as that was an issue made in the case by the pleadings.

" 3. The court erred in rendering judgment against plaintiff for any amount whatever, for there was no evidence offered by defendant to sustain said judgment; and the court erred in ordering plaintiff to pay over said money to defendant, because defendant offered no proof to show he was entitled to such an order, and the same is without evidence to sustain it."

*John M. Duncan*, in support of application, urged.— * * * " Now as to the manifest injustice and hardship to be entailed by the establishment of a limitation in such cases as the present: After the original decision of this case in the Court of Civil Appeals, a motion for rehearing was filed and overruled. One of the judges of that court having dissented, the question upon which there was dissent was taken to this court upon certificate, in pursuance of sections 32 and 33 of the act above referred to.   .

" The court will note the fact, that in such cases the question upon which there is dissent may be carried to the Supreme Court upon motion of the party to the case or *by the court on its own motion*, and the procedure in the Supreme Court is quite different to that upon the ordinary method of appeal by writ of error. In the first place, the case is entered on the docket of the Supreme Court as of course. In the second place, the Supreme Court decides only the question certified. In the third place, it does not enter a final judgment nor issue a mandate, but, in pursuance of section 34, it notifies the Court of Civil Appeals of the decision, and the Court of Civil Appeals enters the decision of the Supreme Court as its judgment. Now it can not be said, upon any rule of law, practice, or reason, that carrying up the certificate of dissent operates as a waiver of the writ of error, for if such be the case, the taking up of the certificate at once and within thirty days would bar the application for the writ, though filed within thirty days. Again, it would leave it within the power

of the judges of the Court of Civil Appeals to deny the parties a consideration in the Supreme Court of any other question than that upon which there is dissent, for they, says the law, may on their own motion send up the certificate of dissent. Even should the carrying up of the certificate be not deemed to be a waiver of the writ of error if applied for within thirty days, such application would be impossible to be made in such cases as this within that period, and until such time as the record should be returned to the Court of Civil Appeals, for in this case the Supreme Court had the whole record transferred to this court upon its order; hence there was impossibility to secure from the Court of Civil Appeals the requisite transcript to accompany the application for writ of error. * * *

" Referring again to the question of practice involved: When we reflect that this case has never yet been in the Supreme Court, but only a single question in the case, it would not seem reasonable to contend that it was the intention of the law makers to deny to litigants the right to take the whole case to this court for adjudication where, under the law, this court has jurisdiction to review the whole case on writ of error. Certainly such intention, if it existed, should be made to appear by a provision in the law itself. As indicating that it was not the intention of the Legislature to provide a limitation in time upon the the right to apply for a writ of error, the attention of the court is called to the fact, that in the Court of Civil Appeals Act, section 20, referring to appeals from lower courts to the Court of Civil Appeals, it is provided, that the transcript shall be filed with the clerk of the Court of Civil Appeals within ninety days from the perfecting of the appeal or service of the writ of error. I humbly suggest to the court that it does not militate against the positions here assumed that this honorable court, in concluding its opinion on the certificate of dissent, said: " We conclude that the opinion of the majority of the Court of Civil Appeals upon the question presented is correct, and that the judgment should be affirmed, and it is so ordered." I submit that the proper order would have been: " We conclude that the opinion of the majority of the Court of Civil Appeals upon the question certified is correct, and that this decision be certified to that court, and it is so ordered." The statute regulating this procedure, it will be remembered, provides, that the Court of Civil Appeals shall be notified of the decision of the Supreme Court on the question, and such decision shall be entered as the judgment of the Court of Civil Appeals. As we understand it, this court, in such cases, enters no judgment, for a judgment here means a mandate and execution for costs, neither of which could be issued on the decision above referred to.

STAYTON, Chief Justice.— Applicant seeks a writ of error to have revised a judgment of affirmance rendered by the Court of Civil Appeals at Galveston, on December 15, 1892.

One of the judges of that court having dissented from the opinion of the majority upon one question, on motion of applicant the matter was certified to this court for determination, and on February 27 the judgment of the Court of Civil Appeals was by this court affirmed, and on the 4th of the present month the application now before us was filed.

The applicant now seeks a writ of error for the purpose of having revised a ruling of the Court of Civil Appeals on which all the judges concurred, which, under the ruling heretofore made, could not be revised on the certificate of dissent.

The question arises whether, after having come before this court on certificate of dissent, it would be proper now to grant a writ of error to bring up the entire case.

The law which authorizes the bringing of questions before this court upon certificate of dissent, contemplated that a judgment shall be rendered in the Court of Civil Appeals on the opinion of the majority of the judges, but after this gives to the court the power, on its own motion, or upon motion of a party to the cause, to certify the matter on which the judges have differed for the decision of this court, and upon that being made, the judgment of the Court of Civil Appeals must be made to conform to that decision.

When motion was made by applicant to have question on which there was dissent certified, there was a judgment to sustain an application for writ of error, which would have been granted by this court if, on inspection of application, it was made apparent that error had probably been committed in reference to a material matter, and thus all questions with the decision of which applicant was dissatisfied might have been brought before this court.

The laws which provide for certification of questions on which there may be dissent, furnish simply a means whereby parties may bring questions of law before this court otherwise than by writ of error; but no litigant is compelled thus to bring before this court any question, and a party not only may but ought to refrain from bringing before this court, through this means, one or more questions of law if there be other questions vital to his right which he can not have thus revised.

If a Court of Civil Appeals, on its own motion, should certify a question, it is clear that a litigant should not be thus cut off from right to prosecute a writ of error; for a contrary rule would place it within the power of the court to deprive a litigant of the right conferred on all litigants, under the restrictions imposed by law, to bring before this court for review any question of law decided by or necessary to the decision of a case determined by a Court of Civil Appeals. The law does not contemplate that this court shall hear and determine in piecemeal the many questions of law that may be decided or involved in a cause, and that on some a decision may be made on certificate of dissent, and after this on

writ of error all other questions of law may be heard and decided; but it does give to the litigant the right to use either remedy in a cause in which both are applicable, and he must determine for himself whether the question on which there is dissent is the only question vital to his right decided against him; and when he so determines, must be held to his election, and to have waived all questions other than such as he may have revised in the manner selected.

The judgment of the Court of Civil Appeals was final in character; from it a writ of error might be granted on which all questions of law could have been revised; but applicant saw proper to pursue another remedy, more restricted in its operation, and he must be held thereby to have waived all right now to have writ of error, and to have waived all questions that could not be revised under the remedy selected.

The laws look to the speedy termination of litigation, and do not permit delay that would necessarily result if, from a judgment final in character, two or more effective appellate proceedings, the one following the decision invoked in the other, might be used for the purpose of revising errors that could have been reached by a single remedy.

The application for writ of error will be overruled.

*Application overruled.*

Delivered April 10, 1893.