HOUSTON E. & W. T. RY. CO. v. CAVANAUGH. (No. 158.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 8, 1917. Rehearing Denied March 7, 1917.)

1. APPEAL AND ERROR ⟷1199 — REMAND — BILL OF REVIEW AFTER MANDATE FROM APPELLATE COURT.

Bill of review will lie in district court after judgment of an appellate court and after mandate has been issued for observance without leave granted by appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4674–4676.]

2. APPEAL AND ERROR ⟷1133—AFFIRMANCE.

Where, because of trial court's failure to file findings of fact, appellate court cannot say upon which of two theories court based judgment, decision will be affirmed where there is sufficient testimony upon which to base decision on either theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4450–4453.]

3. APPEAL AND ERROR ⟷1097(1)—PRIOR APPEALS—LAW OF CASE—AFFIRMANCE.

Where Court of Civil Appeals has in a previous decision in same case passed upon identical question now before it, even if it was dictum, and appellant having urged upon Supreme Court identical question on motion for writ of error which was refused, judgment will be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358, 4359, 4363, 4427.]

4. APPEAL AND ERROR ⟷1010(1)—EVIDENCE AMPLY SUFFICIENT TO SUPPORT COURT FINDINGS.

Where evidence is amply sufficient to support findings of court, they will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981, 4024.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Suit by the Houston East & West Texas Railway Company against M. D. Cavanaugh. From a judgment refusing writ of injunction prayed for, plaintiff appeals. Affirmed.

See, also, 173 S. W. 619.

J. T. Garrison and Baker, Botts, Parker & Garwood, all of Houston, and Mantooth & Collins, of Lufkin, for appellant. Woods, King & John, of Houston, for appellee.

DAVIS, J. The appellee, M. D. Cavanaugh, instituted a suit in the district court of Angelina county, Tex., returnable to the fall term, 1913, to recover damages for personal injuries sustained by him from the effect of an explosion of dynamite in appellant's depot in the town of Lufkin on the night of March 2, 1913.

The case was tried by the court without

a jury, and resulted in judgment for the plaintiff in the sum of $7,500, and defendant appealed to the Court of Civil Appeals at Galveston, Tex., and which court affirmed the judgment of the lower court. A motion was then urged for a rehearing, which being overruled, the case was carried to the Supreme Court on a writ of error, which was refused by that court.

Thereafter, on April 17, A. D. 1916, the mandate issued out of the Court of Civil Appeals to the district court of Angelina county for observance, and execution was issued, and a levy was made under said execution upon property of appellant to satisfy this judgment.

April 18, 1916, appellant filed its motion or bill of review, in the district court of Angelina county, in which it sought to set aside the judgment in favor of M. D. Cavanaugh, and against the Houston, East & West Texas Railway Company, for the sum of $7,500, and prayed for the issuance of a temporary writ of injunction against the parties interested in said judgment, to stay the collection thereof until a trial could be had, and in which motion or bill of review, appellant urges, in substance as follows:

First. The appellee, M. D. Cavanaugh, in his petition filed in the original suit in the district court of Angelina county, Tex., recovered damages against the railway company for personal injuries received by him, caused by an explosion of dynamite in defendant's warehouse on March 2, 1913, because of the alleged negligence of the defendant, railway company as follows:

(1) That defendant company was negligent in storing in its depot on the night of March 2, 1913, dynamite in excess of 25 pounds, and in violation of an ordinance of the city of Lufkin.

(2) In maintaining a nuisance, by permitting to be kept in store great quantities of dynamite and gasoline in its depot in the town of Lufkin, where a large number of people congregated daily for the purpose of taking passage on various trains.

(3) That on said date, March 2, 1913, the defendant permitted large quantities of dynamite and gasoline to remain in its warehouse, and negligently permitted the gasoline containers to become and remain in leaky condition, and the warehouse to collect the gas and vapors arising from the escaping gasoline, and while in such condition permitted its employé George Frank Parsons to enter the warehouse in discharge of his duties, who, while there, stepped upon or struck a match, igniting the gas arising from the escaping gasoline, causing the dynamite to explode; that the explosion of said dynamite resulted in serious and permanent injury to plaintiff.

Second. The defendant railway company in its answer in the trial court alleged that said dynamite was not exploded by reason of any accident, or by reason of any negligence on the part of the railway company, but alleged that said dynamite, consisting of 200 pounds, was stored in its warehouse on Friday evening before the explosion occurred on the following Sunday night, and that said George Frank Parsons, who was then an employé of the defendant railway company, willfully and deliberately exploded said dynamite with criminal intent, and in which the defendant railway company was in no way connected, nor responsible. It was also alleged, and testimony offered upon the trial of the case tending to establish, that George Frank Parsons, holding life insurance policies in considerable amounts, and in order to deceive, and further to arrange matters so that the beneficiaries named in the policies might collect same upon his death, deliberately and willfully caused said explosion, stole a railroad ticket from the defendant company, and fled the country.

Third. Since the affirmance of this case by the Court of Civil Appeals, and before the overruling by the Supreme Court of the railway company's motion for rehearing for a writ of error, George Frank Parsons was apprehended in California, brought back and placed in the county jail of Angelina county, Tex., and therefore was not dead when the judgment was rendered which is here sought to be set aside, and the collection of same enjoined.

Fourth. The judgment here sought to be set aside was procured upon facts that were not true, but false, in that:

(1) Parsons at the time of the trial was not dead, but alive.

(2) The dynamite was not exploded accidentally by Frank Parsons while in the discharge or performance of duties he owed to the railway company, but was intentionally done in violation of the law.

Fifth. The dynamite which had been stored in defendant's warehouse on the night of March 2, 1913, had been received by it from its connecting carriers at Shreveport, La., consigned to a party at Lufkin; that same was an interstate shipment, and that the handling and storing of said dynamite was controlled and governed by the laws of Congress regulating the handling of high explosives; that under the law of the Interstate Commerce Commission it is the duty of the railway company to accept for transportation dynamite, and the law requires and permits said dynamite to be stored in the carrier's warehouse, conditioned that it does not remain longer than 48 hours, Sundays excepted; that the dynamite which exploded had not remained in defendant's warehouse 48 hours at the time of the explosion.

Appellant's motion to set aside the judgment and praying for an injunction to restrain the collection of the same can be summed up in three propositions:

(1) George Frank Parsons though found by the trial court in the original suit to be dead, is alive, and will now testify that he

intentionally and unlawfully caused the explosion as an independent act of his own, with which the defendant railway company was in no way connected, nor responsible for.

(2) That the dynamite was not accidentally exploded by George Frank Parsons while in the actual discharge or performance of any duty he owed to the railway company.

(3) That the shipment of dynamite was an interstate shipment, and covered by the laws of Congress regulating the handling of high explosives; and under the law of the Interstate Commerce Commission defendant was required to accept from its connecting carrier shipment of dynamite, and was under the law allowed 48 hours, Sundays excepted, to store the dynamite in its warehouse; and that this shipment had not remained in its warehouse for that length of time, and hence defendant railway company would not be guilty of negligence in storing the dynamite in its warehouse.

To this appellee filed his plea in abatement and answer.

The court on May 23, 1916, sitting at Lufkin, Angelina county, Tex., in chambers, heard evidence to determine whether or not a temporary writ of injunction would be granted to restrain the collection of the judgment, and the court, after hearing the evidence, entered its judgment refusing to grant the writ of injunction prayed for, and from which judgment the plaintiff railway company has appealed to this court.

[1] We do not agree with the contention urged by appellee that a bill of review will not lie, after a judgment of an appellate court has been rendered, and after mandate has issued to the lower court for observance, except on leave duly granted by the appellate court for the filing of such bill. While the authorities are not in accord on this question, we think the great weight of authority as against the proposition. R. S. art. 4653; Patrucio v. Selkirk, 160 S. W. 635; Ragsdale v. Green, 36 Tex. 193; Chisholm v. Day, 1 White & W. Civ. Cas. Ct. App. 527; McKean v. Ziller, 9 Tex. 58; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003; Taylor v. Fore, 42 Tex. 256.

[2] It was urged by appellant as a defense in the original suit in its answer, and by proof upon the trial, and also on appeal in the Court of Civil Appeals, and before the Supreme Court for writ of error, and especially before the Supreme Court on motion for rehearing for writ of error, that George Frank Parsons was not dead on the date judgment was rendered in the trial court, but alive, and that George Frank Parsons willfully and intentionally exploded the dynamite which injured M. D. Cavanaugh while he was not in the discharge of any duty he owed to the company; that the act of exploding the dynamite was an independent and unlawful act of Parsons, with which the defendant railway company was in no way connected nor responsible for. To this contention so strenuously and ably urged before the Court of Civil Appeals, the appellant railway company in that case received from the Court of Civil Appeals through its opinion the following answer:

"The substance of this proposition is that, if Parsons caused the explosion of dynamite, either intentionally or accidentally, while not in the discharge of any duty he owed appellant, under his employment, the appellant would not be liable to plaintiff for the injuries received from the explosion. This proposition presents a question of law and does not call for a review of the facts. The court did not file its findings of fact, and we cannot say, therefore, whether its judgment was based upon the view that Parsons caused the explosion intentionally, or that he did so by accident. That Parsons caused the explosion does not seem to be controverted. The testimony in the record is sufficient to base a finding in favor of the plaintiff upon either of these theories. We shall assume, in support of the judgment, however, that the court found that Parsons unintentionally caused the explosion. If he did, we think that, under the facts proved, the appellant was liable for the injuries to plaintiff caused by the explosion."

This proposition was again ably urged before the Supreme Court on motion for writ of error, and again on motion for rehearing, and was before all the courts most earnestly urged.

[3] The Supreme Court has held that the denial of a writ of error is not an approval by it upon all the legal propositions decided by the Court of Civil Appeals; but if the judgment of the Court of Civil Appeals is correct upon one issue of fact, which should authorize the affirmance of the judgment, writ of error will be denied, although the Court of Civil Appeals made erroneous legal decisions upon other propositions; but in view of the fact that the Court of Civil Appeals has passed upon this identical question, even if it was dictum, and the Supreme Court, having pressed upon them by appellant in its motion for writ of error this very question, overruled same, and refused a writ of error, we think we should affirm the judgment in this case.

[4] The trial court, upon hearing the testimony in this case, denied the temporary writ of injunction. The evidence is amply sufficient to sustain his findings, and the case is therefore affirmed.