### WARD v. SCARBOROUGH et al.*
(No. 274–3504.)

(Commission of Appeals of Texas, Section A. Jan. 11, 1922.)

**1. Appeal and error ⬅️858, 859—Appeal and writ of error perform the same office, and either brings up whole case.**

In Texas an appeal and a writ of error to the Court of Civil Appeals performs the same office, and either brings before the court the whole case between the parties for revision of all rulings of the trial court properly assigned therein.

**2. Appeal and error ⬅️1—Proceeding is continuation of original action.**

A proceeding instituted by either an appeal or writ of error to the Court of Civil Appeals is but a continuation of the action or suit tried and determined in the court below.

**3. Appeal and error ⬅️747(1)—Plaintiffs' appeal entitles defendant to review without appealing.**

Where plaintiffs appealed from a judgment in their favor for insufficient relief, defendant was thereby relieved of the necessity of appealing, and his right to file cross-assignments of error immediately attached, and was not dependent upon the character of the objections urged by plaintiffs.

**4. Appeal and error ⬅️15—Defendant's writ of error taken after plaintiffs' appeal properly dismissed.**

In view of the right of either party to an appeal under Rev. St. arts. 2058–2069, 2072–

---

2074, and 2108, and rules 7b, 8, and 11 of the Court of Civil Appeals (142 S. W. xi), to prepare a statement of facts or bills of exception or have the record perfected by certiorari or otherwise, where plaintiffs appealed from a judgment in their favor for insufficient relief, defendant could have procured a full and complete consideration on that appeal of any issues he might desire to raise by cross-assignment, though plaintiffs' appeal was on the transcript alone, and his writ of error taken over five months after the filing of the appeal was properly dismissed, but, even if not, the disposition of the appeal would not be delayed until the writ of error could be heard and finally determined.

**5. Appeal and error** ☞595—**Defendant entitled to take out complete transcript where plaintiffs' transcript filed before expiration of time.**

Where plaintiffs filed their transcript on appeal without any statement of facts 30 days before the expiration of the time for filing it, defendant, desiring to assign cross-errors, could have taken out a complete transcript and filed it with his statement of facts at any time within 90 days after the appeal was perfected, under Rev. St. art. 2108, and rules 3 and 4 of the Court of Civil Appeals (142 S. W. viii).

**6. Appeal and error** ☞659(1)—**Defendant entitled to perfect record by certiorari to support cross-assignment of errors.**

Under rules 7b, 8, and 11 of the Court of Civil Appeals (142 S. W. xi), where plaintiffs took out only a transcript of the record, defendant, desiring to assign cross-errors, could within 30 days after the filing of the record or afterwards, on such terms as the court deemed just and proper, have proceeded to perfect the record by certiorari.

**7. Appeal and error** ☞15—**Parties have equal right to select mode of review but priority of election must prevail.**

Either plaintiffs or defendant had a right to invoke the speedier process of appeal or the slower proces of writ of error but their rights being equal priority in making the election and acting thereon should prevail.

**8. Appeal and error** ☞1082(1) — **Commission of Appeals can review only dismissal of writ of error.**

On writ of error from the Supreme Court to the Court of Civil Appeals to review its judgment dismissing a writ of error the only issues before the Commission of Appeals are those involved in the action of the Court of Civil Appeals in dismissing the writ and even if it erred the Commission of Appeals can only recommend that the judgment be reversed and the cause remanded and cannot determine the issues raised in the Court of Civil Appeals.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. Willie Scarborough and others against E. J. Ward. Judgment for plaintiffs and defendant's writ of error was dismissed by the Court of Civil Appeals (223 S. W. 1107), and he brings error. Affirmed.

See, also (Civ. App.) 219 S. W. 505; (Civ. App.) 220 S. W. 274; 236 S. W. 434.

Conner & McRae, of Eastland, for plaintiff in error.

J. R. Stubblefield, of Eastland, and F. G. Morris and Geo. E. Wallace, both of El Paso, for defendants in error.

GALLAGHER, J. Defendants in error, Mrs. Willie Scarborough and her sons, Jesse, Chunk, and Moliere Scarborough, brought suit in the district court of Eastland county against E. J. Ward, plaintiff in error, and against his father, John Ward, and his brother, Gus Ward, for the recovery of 2,840 acres of land situated in said county, which they allege they had conveyed to E. J. Ward under circumstances claimed by them to create a constructive trust therein in their favor, or, in the alternative, for the recovery of damages in the sum of $104,260.

The Wards filed an answer consisting of a general demurrer, special exceptions, general denial, special denials, the statute of limitation of two years, and laches. All of said exceptions, both general and special, were overruled. There was a trial by jury, and at the close of the trial the Scarboroughs dismissed their suit against John and Gus Ward, and elected to rely upon their claim that the land sued for was impressed with a constructive trust in their favor in the hands of E. J. Ward.

The case was submitted to the jury on special issues which were answered in accordance with the contention of the Scarboroughs as to the circumstances under which they conveyed the land to E. J. Ward.

Upon such verdict the court entered a judgment dated April 21, 1919, declaring that E. J. Ward held the legal title in trust for the Scarboroughs (except as to a half interest in prospective royalties under an undeveloped oil lease expiring in December, 1919), and that the Scarboroughs recover of said Ward title to and possession of said land subject to such interest in such prospective royalties, but providing that no writ of possession should issue until all moneys paid by Ward to the Scarboroughs therefor and all moneys paid by Ward in discharge of incumbrances on such land should be refunded to him, and that, unless such moneys should be refunded within 90 days from the time said judgment should become final, the judgment in their favor should cease to be of any force or effect.

The jury having found that the reasonable market value of said land at the date of the conveyance to Ward, exclusive of the royalty interest adjudged to him, was $8 per acre, the judgment further provided that he should have a right to satisfy the recovery of said Scarboroughs against him by paying to them the sum of $8,520, being the difference

between the sum he actually paid them for the land and the value of the same at $8 per acre, said sum to bear interest from date of said purchase at legal rate. It was also provided that such payment should be made within 90 days from the date when such judgment should become final.

The Scarboroughs excepted to such judgment and gave notice of appeal at the time it was rendered. E. J. Ward filed a motion for new trial, which was overruled on the 17th day of May, 1919, at which time he also gave notice of appeal. The order of the court overruling the motion for new trial provided that all parties to the case be allowed 90 days after adjournment of the court in which to prepare, present, and have approved and filed a statement of facts and bills of exception. The court adjourned for the term on May 17, 1919.

The Scarboroughs filed an appeal bond on the 22d day of May, 1919. They complained in their appeal of that part of the judgment which permitted Ward to retain the land upon the payment to them of $8,520 and interest. The issues so raised did not require the aid of a statement of facts to enable the court to pass upon the same, and they therefore took out a transcript of the record only. They filed such transcript in the Court of Civil Appeals in the Second Supreme Judicial District at Fort Worth on the 18th day of July, 1919, and the case was duly entered on the docket of that court.

The Supreme Court, under its statutory authority to equalize the dockets of the Courts of Civil Appeals, ordered this appeal transferred to the Court of Civil Appeals for the Eighth Supreme Judicial District at El Paso, and on December 12, 1919, the Court of Civil Appeals for said Second District made its order so transferring said appeal.

On the 21st day of January, 1920, the Court of Civil Appeals for said Eighth District set said case for submission on the 12th day of February, 1920. After it was so set for submission, E. J. Ward, appellee therein, filed a brief in said cause in said court in which he complained by appropriate cross-assignments of error of the action of the trial court in overruling his general and special exceptions.

The case was submitted to said court on said 12th day of February, 1920, and thereafter, on the 11th day of March, 1920, said court overruled said Ward's cross-assignments of error, sustained the assignments of error presented by the Scarboroughs, appellants therein, reformed the judgment as prayed by them, and, as so reformed, affirmed it. (Civ. App.) 220 S. W. 274.

Ward, appellee therein, filed a motion for rehearing, which was overruled on April 1, 1920, and he thereupon applied for a writ of error. The Supreme Court granted his application and transferred the case to this section of the Commission of Appeals for consideration. It was submitted on oral and written arguments and briefs for both parties. After full consideration we were of the opinion that none of the specifications of error presented in the application were well taken, and recommended that the judgment of the Court of Civil Appeals be affirmed.

Ward did not file either bills of exception or statement of facts during the time allowed by the order of court hereinbefore set out, but on August 14, 1919, filed an application for an extension of time in which to file the same, which application was granted by the trial court, and order entered extending the time to and including September 14, 1919. He filed bills of exception and statement of facts on the 13th day of September, 1919.

On November 7, 1919, Ward filed a petition for writ of error to the Court of Civil Appeals for the Second District at Fort Worth, to which court the same was properly returnable, and on November 17, 1919, filed assignments of error, and his briefs in this case are based thereon.

On January 29, 1920, after the appeal case at El Paso was set for submission, he filed the transcript in his writ of error case in the Court at Fort Worth, and on the 19th day of March, 1920, after the Court of Civil Appeals at El Paso had reformed and affirmed the judgment of the trial court, Ward filed his brief as plaintiff in error in the Court of Civil Appeals at Fort Worth. The first seven assignments of error contained therein are the same as the seven cross-assignments of error filed by him in the appeal case in the Court at El Paso. The remaining fourteen assignments in said brief require the aid of a statement of facts to enable the court to consider them, one assignment complaining of the refusal of his request for a peremptory charge, two complaining of the action of the court in rendering judgment for the Scarboroughs under the evidence adduced, four complaining of the overruling of objections made by him to the court's charge, and the remaining seven complaining of the rulings of the Court in admitting evidence at the trial over his objection.

The Scarboroughs on February 9, 1920, within 11 days after the filing of the transcript on the writ of error at Fort Worth, filed in said court the following motions: (a) To dismiss the writ of error; (b) to strike out assignments of error; (c) to strike out bills of exceptions; (d) to strike out statement of facts. None of these motions appear to have been acted on except the motion to dismiss.

On the 15th day of May, 1920, after motion for rehearing in the appeal case at El Paso had been overruled, but before the time allowed by law for an application to the Supreme Court for writ of error had expired, the Court of Civil Appeals at Fort Worth granted said motion and dismissed the writ of error. 223 S. W. 1107. Plaintiff in error,

Ward, applied for writ of error from such judgment of dismissal, and the same was granted by the Supreme Court and referred to this section of the Commission of Appeals for consideration. This case was submitted in this court at the same time and under the same circumstances as the appeal case above referred to.

Plaintiff in error by appropriate assignments complains of the action of the Court of Civil Appeals in dismissing his writ of error. The substance of the propositions of law asserted by his several assignments of error is that he had a right under the Constitution and laws of this state to an appeal by writ of error, and that he could not be deprived of that right by any action taken by the opposing parties, and particularly so in this instance, because the transcript on appeal which was transferred to the Court of Civil Appeals at El Paso did not contain his bills of exception, and was not accompanied by a statement of facts, and that by reason thereof the Court of Civil Appeals at El Paso acquired jurisdiction of only a part of the case, and that the Court of Civil Appeals at Fort Worth was vested by his writ of error proceeding with jurisdiction to hear and determine the remainder of the case based on his assignments of error, the consideration of which required that his bills of exception and statement of facts be before the court.

[1, 2] In this state an appeal and a writ of error to the Court of Civil Appeals perform the same office, and either brings before the appellate court the whole case between the parties thereto for revision of all rulings of the trial court properly assigned therein. The proceeding instituted by either method is but a continuation of the action or suit tried and determined in the court below. Texas Trunk Railway Co. v. Jackson Bros., 85 Tex. 605, 607, 608, 22 S. W. 1030; Woeltz v. Woeltz, 93 Tex. 548, 553, 57 S. W. 35; Harris v. Simmang (Civ. App.) 29 S. W. 668, 669 (writ refused).

[3] When the Scarboroughs perfected their appeal from the judgment complained of in this proceeding, the right of Ward as appellee therein to file cross-assignments of error immediately attached. Such right was not dependent upon the character of objections urged by the Scarboroughs. The taking of the appeal by them relieved him of the necessity of taking like action and brought the judgment before the appellate court for revision of the complaints of both, and either had a right to point out the errors in it prejudicial to him or them. Woeltz v. Woeltz, 93 Tex. 548, 553, 57 S. W. 35; Duren v. H. & T. C. Ry. Co., 86 Tex. 287, 291, 24 S. W. 258; Cain v. Bonner, 108 Tex. 399, 403, 194 S. W. 1098, 3 A. L. R. 874; St. L., A. & T. Ry. Co. v. Prather, 75 Tex. 53, 55, 12 S. W. 969,

[4] Ward, as appellee, also had the right to perfect the record and make it show the facts essential to a full and complete consideration of any issues he might desire to raise by cross-assignment. He had equal right with the Scarboroughs to prepare and have approved and filed a statement of facts. R. S. arts. 2068, 2069, 2072–2074. He had equal right with the Scarboroughs to prepare, present, and have approved and filed bills of exception. R. S. arts. 2058 to 2067, inclusive, and 2073.

[5] Ward was not deprived of any right by the fact that the Scarboroughs filed their transcript on appeal 30 days before the expiration of the time for filing the same. He could have taken out a complete transcript and filed the same with his statement of facts at any time within 90 days after such appeal had been perfected. Rules 3 and 4 of the Court of Civil Appeals (142 S. W. viii); Revised Statutes, art. 2108; Cassin v. Zavalla County, 71 Tex. 203, 9 S. W. 105.

[6] If he had elected to perfect the record filed by the Scarboroughs instead of filing a complete record himself, he could, within 30 days after the time of filing the record by the Scarboroughs, or afterwards on such terms as the Court of Civil Appeals deemed just and proper, have proceeded by certiorari to so perfect the same. Rules 7b, 8, and 11, Court of Civil Appeals (142 S. W. xi); Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Wells v. Driskell, 105 Tex. 77, 82, 145 S. W. 333, and authorities there cited.

We think it is clear from the authorities cited that Ward could have had his contentions of fact as well as of law reviewed in the appeal taken by the Scarboroughs.

The Scarboroughs were within their statutory rights in basing their appeal on the transcript alone. R. S. art. 1991. A hearing in the Court of Civil Appeals on error in law, either assigned or apparent on the face of the record, is one of the alternative modes of trial in that court as prescribed by article 1607 of the statutes.

[7] The right of the Scarboroughs and Ward, respectively, to select the proceeding by which the case should be carried to the Court of Civil Appeals for review was equal. Either had a right to invoke the speedier process of appeal, and, when so invoked, the other had no right to complain. Either had the right, the other remaining inactive, to adopt the slower process by writ of error. Their rights being equal, priority in making the election and acting thereon should prevail.

The case of Harris v. Simmang (Civ. App.) 29 S. W. 668, involved a writ of error duly prosecuted by the minor children of C. W. Harris and wife to review a judgment of the court below, rendered in a suit in which Simmang was plaintiff and Harris and wife and their minor children were defendants. Simmang alleged that he purchased the land involved in the suit from Harris and wife, and that they fraudulently represented that they had a good title thereto, and that he

relied on such representations in the purchase of the land. He further alleged that such representations were false, and that said Harris and wife owned only a life estate in the land; the remainder in fee being in said minor children. He prayed for a rescission of the trade and a return of the consideration, or, in the alternative, for a decree divesting the title to said land out of all the defendants and vesting the same in him. Harris and wife denied the fraud alleged, and claimed that the fee-simple title was in them at the time they conveyed the land to Simmang. The minors also claimed the land as theirs. On the trial Simmang was denied rescission on the ground that Harris and wife had a fee-simple title to the land at the time they conveyed the same to him, and the judgment so declared, and awarded costs against him in favor of all the defendants. The minor children and Simmang both gave notice of appeal. Simmang alone appealed, making Harris and wife and their said minor children payees in his appeal bond. The case was affirmed on appeal. (Civ. App.) 27 S. W. 786.

No brief was filed for the minors on this appeal, and they made no effort to have the judgment revised therein.

It was held by the court that the affirmance of the case upon appeal was binding on the plaintiffs in error, and their writ of error was dismissed. The records of the Supreme Court show that writ of error was applied for by the Harris minors and refused. We quote from the opinion in that case as follows:

"Simmang bought the land from Charles W. Harris and wife and it must be presumed, bought it in good faith, and desired to have the matter of title settled, so as to vest it in his vendors; and, in doing so, he had made those who might set up a claim to the land parties, their claim being adverse to his title in the land. Appellants having been necessary parties to the former appeal, and having been brought to this court on that appeal, the opportunity was given to present their cross-assignments, and have their rights, if any, adjudicated; and they have had their day in court, and cannot now sue out a writ of error and have the case reopened. It was never intended by the law that an appellee could lie quiescent while his rights and those of others were being adjudicated by an appellate court, and, after a decision that is not agreeable to him, sue out a writ of error, and present the same case for readjudication. It is the policy of the law to discourage and prevent vexatious and troublesome litigation, and to discountenance any attempt to have successive appeals brought up on the same record from the same judgment. Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693. That the parties are all agreed to it, and there is no motion on file to dismiss, does not preclude the court from self-protection. The writ of error will be dismissed."

In the case of Wandelohr v. Grayson County National Bank, 102 Tex. 20, 23, 108 S. W. 1154, 1155, the Supreme Court applied the same rule, and in the course of the opinion said:

"It surely needs no argument or citation of authority to sustain the proposition that the writ of error cannot be prosecuted by or for Mrs. Wandelohr to reverse the judgment of the district court after that judgment has been affirmed against her on appeal. As to C. B. Wandelohr, the judgment of affirmance on certificate against him, as well as against Waples and Gunter, was reversed by this court, as appears from its judgment, but not from the opinion referred to, and the judgment affirming that of the district court was restricted to Mrs. Wandelohr. This was upon the ground that C. B. Wandelohr, Waples, and Gunter had not themselves so perfected an appeal as to make them liable to have the judgment against them affirmed on certificate; that proceeding being available only against appellants.

"The judgment of affirmance against Mrs. Wandelohr therefore does not operate as an absolute bar to a writ of error against any one but her, but it does preclude further inquiry as to her rights and as to the rulings of the trial court affecting them, whether such inquiry is invoked by her or by others attempting to assert her claims."

Plaintiff in error, Ward, contends that, inasmuch as the appeal case has not yet been actually affirmed, it should be held in abeyance and final action thereon deferred until this case to review the same judgment on writ of error can be heard and finally determined.

To so hold would be in effect to deny the Scarboroughs the right to appeal from such judgment and to diligently prosecute such appeal to effect, and would be in effect to require them to permit Ward to arbitrarily have the case held and finally decided only on hearing of his writ of error, which was filed in the Court of Civil Appeals 5 months and 11 days after the filing of the appeal. We cannot agree that such holding would be within either the letter or spirit of the law regarding appeals and writs of error. It is true the Supreme Court has been indulgent in permitting successive appeals and writs of error by the same parties to review the same judgment, so long as they were taken or sued out within the time allowed by law. Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482. But in each such case the court held that, though the former proceedings, whether by appeal or writ of error, had been dismissed or abandoned, the rights of the opposite party were not defeated by such subsequent procedure, and that such opposite party was entitled to an affirmance on certificate when the transcript on appeal, or on writ of error, was not filed within the time allowed by law, though a subsequent writ of error was then pending before the court. Insurance Co. v. Clancey, supra; Perez v. Garza, 52 Tex. 571.

[8] Plaintiff in error further contends that, inasmuch as both these cases on writ of error were submitted to this court at the same time, this court should, in any event, give both cases a simultaneous and concurrent hearing, and that the judgment recommended in the appeal case should be controlled in whole or in part by the judgment recommended in this case. It is sufficient to say that the cases are not now, and have in our opinion never been, in condition for simultaneous or concurrent hearing. The appeal case, in our opinion, is ready for affirmance, and we have recommended that judgment to that effect be now entered by the Supreme Court. The only issues before this court in this case are those involved in the action of the Court of Civil Appeals at Fort Worth in dismissing the writ of error. We do not think the court erred in doing so, but, if we did, the limit of our jurisdiction would be to recommend that the judgment of dismissal be reversed, and the cause remanded to said Court for a hearing on its merits. If we did so, months would necessarily elapse before a final judgment could be rendered in this case; meanwhile the appeal case would be unreasonably delayed, and would, in effect, be made subordinate to this writ of error proceeding and its final disposition determined thereby.

We think the case is analogous to the case of Campbell, Receiver, v. Wiggins, Tax Collector, 85 Tex. 451, 455, 22 S. W. 5, 6. In the hearing of that case in the Court of Civil Appeals, 2 Tex. Civ. App. 1, 20 S. W. 730, one of the judges dissented on one of the issues decided, and such issue was at the instance of Campbell, plaintiff in error, carried to the Supreme Court by certificate of dissent, and was there decided against him. 85 Tex. 424, 21 S. W. 599. He then, within the time allowed by law, applied for a writ of error on the whole case, which application was denied in a written opinion by Chief Justice Stayton, from which we quote the following, which we think is applicable in principle to this case, to wit:

"The laws look to the speedy termination of litigation, and do not permit delay that would necessarily result if, from a judgment final in character, two or more effective appellate proceedings, the one following the decision invoked in the other, might be used for the purpose of revising errors that could have been reached by a single remedy."

We recommend that the judgment of the Court of Civil Appeals dismissing the writ of error be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.