## HALBROOK et al. v. QUINN et al.
### (No. 2282.)

(Court of Civil Appeals of Texas. Amarillo. July 5, 1924.. Certified to Supreme Court Oct. 8, 1924: Rehearing Denied Oct. 6, 1926.)

**1. Appeal and error ⚙➝1127—Courts ⚙➝207 (5).**

Judgment, when affirmed by Court of Civil Appeals, on certificate, becomes the judgment of such court, and it has power by writ of prohibition and other appropriate writs to prevent interference with its execution.

**2. Judgment ⚙➝342(1).**

Courts are empowered, in a proper case, and on proper procedure, to annul judgment rendered by such court at former term.

**3. Judgment ⚙➝141—Judgment fraudulently procured in absence of and through no fault of defendant may be annulled at subsequent term.**

Judgment against defendant fraudulently procured in his absence, through no fault of his, may be annulled in proper proceeding during subsequent term.

**4. Judgment ⚙➝403, 455—Relief against judgment which is not void may only be granted in independent suit in court in which it was rendered.**

Relief against judgment which is not void may be granted only by court in which it was rendered, in independent suit brought in such court for such relief.

**5. Judgment ⚙➝403:**

A suit to annul a judgment, while not strictly speaking a bill of review, is largely of the same nature.

**6. Prohibition ⚙➝10(2)—Court of Civil Appeals may, on application for writ of prohibition, pass on sufficiency of grounds relied on in action to annul judgment affirmed by it on certificate.**

Court of Civil Appeals, having affirmed judgment on certificate making judgment that of such court, may, on application for writ of prohibition, pass on sufficiency of grounds relied on in action in lower court to annul the judgment.

**7. Judgment ⚙➝448—Defendant having proceeded by writ of error to review judgment with knowledge of fraud in obtaining it, could not, after affirmance bring separate action to annul it.**

Defendants having invoked jurisdiction of court of civil appeals by writ of error to review judgment, with knowledge of fraud by which it had been obtained, could not, after affirmance of judgment by such court, bring separate action in lower court to annul judgment on ground of such fraud.

Application for writ of prohibition by J. K. Quinn and others against Thad Halbrook and others. Writ issued.

Certified questions dismissed by Supreme Court, 285 S. W. 1079.

J. Ross Bell, of Paducah, for plaintiffs.
A. J. Smith, of Haskell, for defendants.

BOYCE, J. This is an application by J. K. Quinn, in the above styled and numbered cause, for writ of prohibition, to prevent interference with the execution of the judgment of this court heretofore entered in such cause. The facts are that on November 7, 1922, J. K. Quinn, in cause No. 8 on the docket of the county court of King county, recovered judgment against Thad Halbrook, John H. Davis, Jr., Charley Pierson, Charles P. Bowman, and H. B. Parks. Thereafter in March, 1923, the defendants filed petition and bond in writ of error, citation being served in June, 1923. No transcript of the record was filed, however, within the time prescribed by law, and on February 6, 1924, the judgment was affirmed by this court on certificate on motion made by the defendant in error Quinn. Thereafter the defendants above mentioned filed suit No. 12 in the county court of King county, against Quinn, to set aside and cancel said judgment and to enjoin the levy of an execution issued thereon. It was alleged by the petitioners in said suit No. 12 that no service of citation had been had upon them as defendants in cause No. 8, that they had made no appearance therein, and that said judgment was void; also that the judgment was procured by fraud, in that the case had been taken up and judgment rendered in the absence of defendant's attorney, and in violation of an agreement with plaintiff's attorney that the defendant's attorney should be notified when said cause would be called for trial. It was further alleged that the defendants did not know of the rendition of said judgment until after the expiration of the term of court at which it was rendered, and that they had a good defense. Quinn answered in said cause No. 12. The case was tried and judgment rendered, setting aside the judgment in cause No. 8, except as to defendant Halbrook, from which judgment Quinn gave notice of appeal. We are not informed whether the appeal has been perfected.

[1-5] When the judgment in cause No. 8 was affirmed by this court on certificate, the judgment then became that of this court (Cattlemen's Trust Co. v. Willis [Tex. Civ. App.] 179 S. W. 1117; Wells v. Littlefield, 62 Tex. 28), and this court has the power, by writ of prohibition and other appropriate writs, to prevent interference with its execution. Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Milam County Oil Mill v. Bass, 106 Tex. 260, 163 S. W. 577; Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1117. These authorities also make it plain that a suit to set aside the judgment of the appellate court and enjoin its execution may be a violation of jurisdiction of the appellate

court. The power of the trial courts of this state in a proper case and on proper procedure to annul a judgment rendered by such court at a former term, is well settled. One of the grounds on which a court will grant such relief is that the judgment was fraudulently procured, in the absence of the defendant, through no fault of his. Unless the judgment is void, and there is now no such contention in this case, relief against it may be granted only by the court in which it was rendered in an independent suit brought in such court for such relief. Buchanan v. Bilger, 64 Tex. 593; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Gross v. McClaran, 8 Tex. 341. Such a suit, while not strictly speaking a bill of review, is largely of the same nature. There is some uncertainty as to the proper procedure to procure relief of this character, in case the judgment is that of the appellate court. In some cases it is said that a bill of review cannot be entertained by the lower court without permission from the appellate tribunal. whose judgment is attacked. Southard v. Russell, 16 How. 547, 570, 14 L. Ed. 1062; Ryerson v. Elderd, 18 Mich. 490; Kimberly v. Arms (C. C.) 40 Fed. 548; Providence Rubber Co. v. Charles Goodyear, 9 Wall. (76 U. S.) 805, 19 L. Ed. 828; Stand. Enc. of Proc. vol. 4, pp. 428 and 433. To the contrary, see Schaefer v. Wunderle, 154 Ill. 577, 39 N. E. 623, and authorities cited. It is said in 4 Stand. Enc. of Proc. p. 433, that:

"There can never be any review or reversal of an appealed case by the lower court, except on leave of the higher court, and the appellate court has power to allow its own decree to be reviewed in the lower court on newly discovered evidence. The appellate court's leave should be obtained by petition, supported by proper affidavit, setting forth the newly discovered evidence and showing due diligence. On application to it the appellate court has full power to pass on the questions of materiality and due diligence, though such determination may be granted by it to the lower court."

The Supreme Court of the United States said in the case of Southard v. Russell, supra:

"Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits."

[6] This does not seem, however, to have been the practice in this state. H. E. & W. T. Ry. Co. v. Cavanaugh (Tex. Civ. App.) 194 S. W. 642; First State Bank & Trust Co. v. Overshiner (Tex. Civ. App.) 198 S. W. 979; State ex rel. Bostick v. Stark (Tex. Civ. App.) 203 S. W. 371; Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 986. Some of the decisions last cited might warrant the conclusion that the trial courts have the indiscriminate jurisdiction and power to entertain a suit to vacate the judgment of the appellate court. If such be the law the appellate court could never prohibit by extraordinary writ the maintenance of such a suit, the only remedy for the correction of the wrong being by appeal from the final judgment rendered in such proceeding. Such a rule would be subversive of the dignity of the appellate courts, destroy all respect for their judgments, and lead to a condition where there would be no finality to litigation. See Wells v. Littlefield, 62 Tex. 28; Kendall v. Martin, 48 Tex. 585; Crane v. Blum, 56 Tex. 325. The Court of Civil Appeals for the Second district said, in the case of Cattlemen's Trust Co. v. Willis, supra, that:

"It is doubtless true that in certain exceptional cases a court of equity would entertain an action in the nature of an original suit to restrain a judgment of a trial court, even after affirmance, as, for instance, upon proper allegations of subsequently discovered fraud or perjury in its procurement."

But since the court in that case, on application for the writ of prohibition, examined into the sufficiency of the grounds on which the suit to enjoin the execution of its judgment was based, and having determined that the petition in said suit set up no good reason for permitting a retrial of the case, issued its writ of prohibition against further proceeding with such suit, the case is authority for the proposition that, after all, the sufficiency of the grounds for allowing the maintenance of a suit to vacate the judgment is a matter for the decision of the appellate court, and the question as to whether that decision is to be invoked by an application for permission to file the suit in the lower court or on hearing of application for writ of prohibition against such procedure becomes a matter of little consequence. The Supreme Court of Washington, in the case of State ex rel. Wolferman v. Superior Court of Spokane County, 8 Wash. 594, 36 P. 444, cited by Chief Justice Conner in the Cattlemen's Trust Co. Case, after stating that it was not necessary to determine whether permission for the prosecution of such suit in the lower court should be first obtained from the appellate court, said:

"We are of the opinion that the jurisdiction of the lower court is involved in a case like this, to the extent that we may look into the cause of action there set up when we are applied to for a writ of prohibition, and that we should do so, as it is necessary for the due protection and enforcement of the powers vested in this court by the constitution. * * * And, should it appear from such investigation

that the suit or proceeding sought to be prohibited is in fact an unwarranted interference with a judgment rendered by this court, we may and should grant the writ, and the proposition may still hold good, or at least be left an open question, that an action may be instituted in the lower court to vacate a judgment rendered in this court upon sufficient grounds."

We think this to be the true rule.

[7] We proceed, therefore, to the examination of the sufficiency of the showing made by the respondents as to their right to maintain the suit to set aside the judgment rendered by this court, as stated. When the defendants in cause No. 8 became aware, after the expiration of the term, of the rendition of the judgment in said case against them, we do not question that they might then have instituted a suit in said court to set aside the judgment on account of the fraud perpetrated upon them in its rendition. Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818. Such fraud was necessarily known to them at the time they invoked the jurisdiction of this court by writ of error. They had two courses open for relief against said judgment, and they elected to pursue the remedy by writ of error to this court, thereby delaying the execution of the judgment for more than a year. While it is true that the issue of fraud could not, because the facts did not appear in the record in cause No. 8, be presented to this court on writ of error, yet the defendants in said cause having elected to take such course cannot now be permitted to resort to the other remedy and attack a judgment which they themselves, knowing all the facts, have invoked. Campbell v. Wiggins, 85 Tex. 451, 22 S. W. 5.

We conclude, therefore, that the proceedings taken in the court below are an unwarranted interference with the execution of the judgment of this court. Judgment will therefore be entered which will provide for the issuance of a writ of prohibition from this court to prevent the respondents from further interfering with the execution of the judgment of this court in this cause, and commanding that the judgment entered in the county court of King county in cause No. 12, which attempted to set aside the judgment of this court, be itself set aside, and held for naught.

RANDOLPH, J., not sitting.